IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **DAVID DONAHUE,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**YOUR HOME IMPROVEMENT COMPANY, LLC**<br><br>*Defendant.* | Case No. 0:24-cv-4004<br><br>**COMPLAINT CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff David Donahue brings this Class Action Complaint and Demand for Jury Trial against Defendant Your Home Improvement Company, LLC ("Defendant" or "Your Home Improvement") and alleges as follows:

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Mr. Donahue alleges that Your Home Improvement made prerecorded voice telemarketing calls to the Plaintiff and other putative class members without their consent.

3. Because prerecorded voice marketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on

behalf of a proposed nationwide class of other persons who received illegal robocalls from or on behalf of the Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5. Plaintiff Donahue is an individual residing in Nebraska and is a citizen of Nebraska.

6. Defendant Your Home Improvement, LLC, is a Minnesota LLC and is located in this District, with a registered office located at 23823 67th Ave., St. Cloud, MN 56301. Its sole manager, Steven Little, is located at 1610 39th St. S. Saint Cloud, MN 56301, making Defendant a Minnesota citizen.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. This Court has personal jurisdiction over Your Home Improvement because the company is located in this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were orchestrated and sent from District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

## BACKGROUND

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned

to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12. While "prior express consent" is required for all automated and prerecorded calls, in 2013, the FCC required "prior express written consent" for all such telemarketing calls to wireless numbers and residential lines.  Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

13. "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

14. Encouraging people to hold telemarketers accountable on behalf on their fellow Americans, the TCPA provides a private cause of action to persons who receive such calls. 47

U.S.C. § 227(b)(3).

## FACTUAL ALLEGATIONS

15. The Plaintiff is, and at all times mentioned herein were, a "person" as defined by 47 U.S.C. § 153(39).

16. At no point did the Plaintiff consent to receiving telemarketing calls from the Defendant prior to receiving the automated calls at issue.

17. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. Plaintiff's telephone number, (402) 689-XXXX, is a non-commercial telephone number not associated with any businesses. Plaintiff uses the line for residential purposes, including calls from family, friends, and others, and does not take calls associated with a business.

19. Plaintiff's telephone number has been listed on the National Do Not Call Registry since June of 2022.

20. Plaintiff has never been a customer of Your Home Improvement Company and never consented to receive calls from Your Home Improvement Company.

21. Despite this, the Plaintiff has received telemarketing calls from Your Home Improvement Company on or about at least September 3, 2024, and September 11, 2024.

22. These calls came from the numbers 402-721-7818 and 402 721-7434.

23. Additionally, the calls clearly began with a prerecorded chatbot because (a) the robot did not respond until Plaintiff spoke (b) the robot did not respond to questions asked by plaintiff (c) the robot had a generic monotone voice.

24. The chatbot informed Plaintiff that his home had been selected to receive free estimates for home improvement including windows, roofing, or bathroom.

25. These are services that the Defendant offered.

26. In an attempt to prevent additional harassing calls, Plaintiff made a Consumer Complaints with the Federal Trade Commission's Do Not Call Registry against Your Home Improvement Company on or about September 3, 2024, and September 11, 2024, after he received Plaintiff's calls.

27. Plaintiff and the Class have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

28. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

29. The Class of persons Plaintiff proposes to represent is tentatively defined as:

> Robocall Class:   All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) using an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

30. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

31. The Class as defined above is identifiable through phone records and phone

number databases.

32. The potential Class members is likely to number at least in the thousands. Individual joinder of these persons is impracticable.

33. The Plaintiff is a member of the Robocall Class.

34. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Whether Defendant violated the TCPA by using artificial and/or prerecorded calls to contact putative class members' cellular telephones;

    b. Whether Defendant placed calls without obtaining the recipients' prior express consent for the calls;

    c. Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

35. The Plaintiff's claims are typical of the claims of class members because he received the same type of telephone contact as others in alleged violation of a single federal statute.

36. The Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and counsel skilled and experienced in class actions, including TCPA class actions, represents him.

37. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

38. The likelihood that individual members of the class will prosecute separate

actions is remote due to the time and expense necessary to prosecute an individual case.

39. The Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for the entire Class's membership described above.

## LEGAL CLAIMS

### First Claim for Relief
### Violation of the TCPA's Automated Call provisions

40. The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

41. Defendant's call was made without the prior express consent, or the prior express written consent, of the called parties. 47 C.F.R. § 64.1200(a)(2); 47 C.F.R. § 64.1200(f)(8).

42. The Defendant violated the TCPA by (a) using a prerecorded voice to make calls to cellular and residential landline telephone numbers without the required consent, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(b).

43. The Defendant's violations were willful and/or knowing.

44. The TCPA also authorizes injunctive relief, and the Plaintiff seeks injunctive relief prohibiting Defendant from calling telephone numbers using an automatic telephone dialing system or a prerecorded voice, absent an emergency circumstance.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Internal DNC Class, respectfully request that the Court enter judgment against Defendant for:

A. Certification of the Class as alleged herein;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned as counsel for the Class;

      D.      Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(b)(3); and

      E.      Such other or further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 23rd day of October, 2024.

      *s/ Raina C. Borrelli*
      Raina C. Borrelli  (MN No. 0392127)
      raina@straussborrelli.com
      Samuel J. Strauss (*pro hac vice to be filed*)
      sam@straussborrelli.com
      Alex Phillips (*pro hac vice to be filed*)
      aphillips@straussborrelli.com
      980 N. Michigan Avenue, Suite 1610
      Chicago, IL 60611
      Telephone: 872-263-1100
      Facsimile: 872-263-1109

      Anthony I. Paronich (*pro hac vice to be filed*)
      **PARONICH LAW, P.C.**
      350 Lincoln Street, Suite 2400
      Hingham, MA 02043
      Tel: (617) 485-0018
      Fax: (508) 318-8100
      anthony@paronichlaw.com

      *Attorneys for Plaintiff and Proposed Class*