## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

DAVID DONAHUE, individually and on behalf of all others similarly situated,

        Plaintiff,

    v.

YOUR HOME IMPROVEMENT COMPANY, LLC,

        Defendant.

Civil Case No. 0:24-cv-04004-JWB-LIB

**DEFENDANT YOUR HOME IMPROVEMET COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant Your Home Improvement Company, LLC ("YHIC") for its answer and affirmative defendants to Plaintiff David Donahue's ("Plaintiff") Second Amended Class Action Complaint ("SAC") states and alleges as follows. Any allegations that are not specifically admitted herein, including all allegations contained in the headings and all unnumbered or introductory paragraphs in the SAC, are denied.

1.    YHIC states that Paragraph 1 consists only of legal conclusions, to which no response is required from YHIC. To the extent any allegations in Paragraph 1 may be deemed to be factual, YHIC denies those allegations.

2.    YHIC admits that Plaintiff is pursuing a putative class action under the Telephone Consumer Protection Act ("TCPA"), but denies that there is any factual or legal basis for the claims alleged, for the relief sought, or for the classwide treatment. Answering further, YHIC denies the remaining allegation set forth in Paragraph 2.

3.    YHIC admits that Plaintiff is pursuing a putative class action under the TCPA, but denies that there is any factual or legal basis for the claims alleged, for the relief

sought, or for the classwide treatment. Answering further, YHIC denies the remaining allegation set forth in Paragraph 3.

4.      YHIC denies the allegations set forth in Paragraph 4.

## ANSWER TO PARTIES

5.      YHIC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 and, on that basis, denies them.

6.      YHIC admits that it is a Minnesota LLC, located within this District, and has a registered office located at 23823 67th Ave., St. Cloud, MN 56301. Answering further, YHIC states that YHIC's citizenship is a legal conclusion, to which no response is required from YHIC. To the extent this allegation may be deemed to be factual, YHIC denies that allegations. YHIC denies each and every remaining allegation set forth in this Paragraph.

## ANSWER TO JURISDICTION AND VENUE

7.      Admitted.

8.      Admitted.

9.      YHIC admits that venue is proper in this Action. YHIC denies each and every allegation set forth in Paragraph 9.

## ANSWER TO BACKGROUND

10.      YHIC states that Paragraph 10 consists only of legal conclusions, to which no response is required from YHIC. To the extent any allegations in Paragraph 10 may be deemed to be factual, YHIC denies those allegations.

-2-

11.     YHIC states that Paragraph 11 consists only of legal conclusions, to which no response is required from YHIC. To the extent any allegations in Paragraph 11 may be deemed to be factual, YHIC denies those allegations.

12.     YHIC states that Paragraph 12 consists only of legal conclusions, to which no response is required from YHIC. To the extent any allegations in Paragraph 12 may be deemed to be factual, YHIC denies those allegations.

13.     YHIC states that Paragraph 13 consists only of legal conclusions, to which no response is required from YHIC. To the extent any allegations in Paragraph 13 may be deemed to be factual, YHIC denies those allegations.

14.     YHIC states that Paragraph 14 consists only of legal conclusions, to which no response is required from YHIC. To the extent any allegations in Paragraph 14 may be deemed to be factual, YHIC denies those allegations.

## ANSWER TO FACTUAL ALLEGATIONS

15.     Admitted

16.     YHIC denies each and every allegation set forth in Paragraph 16.

17.     YHIC states that Paragraph 17 consists only of legal conclusions, to which no response is required from YHIC. To the extent any allegations in Paragraph 17 may be deemed to be factual, YHIC denies those allegations.

18.     YHIC denies that it placed, had placed on its behalf or is otherwise responsible for, any "robocalls" or "chatbot" calls to Plaintiff. YHIC denies each and every allegation set forth in Paragraph 18.

19.     YHIC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 and, on that basis, denies them.

20.     YHIC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 and, on that basis, denies them.

21.     YHIC lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiff has ever been a customer of YHIC and, on that basis, denies them. YHIC denies each and every remaining allegation set forth in Paragraph 21.

22.     YHIC admits it placed live telephone calls to Plaintiff on September 13 and 14, 2024. YHIC denies each and every remaining allegation set forth in Paragraph 22.

23.     YHIC denies that it placed, had placed on its behalf or is otherwise responsible for, any "robocalls" or "chatbot" calls to Plaintiff. YHIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 23 and, on that basis, denies them.

24.     YHIC denies that it placed, had placed on its behalf or is otherwise responsible for, any "robocalls" or "chatbot" calls to Plaintiff. YHIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 24 and, on that basis, denies them.

25.     YHIC denies that it placed, had placed on its behalf or is otherwise responsible for, any "robocalls" or "chatbot" calls to Plaintiff. YHIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 25 and, on that basis, denies them.

26.    YHIC denies that it placed, had placed on its behalf or is otherwise responsible for, any "robocalls" or "chatbot" calls to Plaintiff. YHIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 26 and, on that basis, denies them.

27.    YHIC denies that it placed, had placed on its behalf or is otherwise responsible for, any "robocalls" or "chatbot" calls to Plaintiff. YHIC denies that the "specialist" is employed by YHIC. YHIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 27 and, on that basis, denies them.

28.    YHIC denies that it placed, had placed on its behalf or is otherwise responsible for, any "robocalls" or "chatbot" calls to Plaintiff. YHIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 28 and, on that basis, denies them.

29.    YHIC denies that it placed, had placed on its behalf or is otherwise responsible for, any "robocalls" or "chatbot" calls to Plaintiff. YHIC denies that the specialist or the individual identified as "Dana" is employed by YHIC. YHIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 29 and, on that basis, denies them.

30.    YHIC admits that, through individuals named Nancy and Logan, it placed live telephone calls to Plaintiff on September 13 and September 14. YHIC admits that the outbound number used was 402-246-5044. YHIC denies that this number is a spam

number. YHIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 30 and, on that basis, denies them.

31.    YHIC denies that it placed, had placed on its behalf or is otherwise responsible for, any "robocalls" or "chatbot" calls to Plaintiff. YHIC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 31 and, on that basis, denies them.

32.    YHIC denies each and every allegation set forth in Paragraph 32.

33.    YHIC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 33 and, on that basis, denies them.

34.    YHIC admits that it received correspondence from Plaintiff, and that its counsel responded. YHIC denies each and every remaining allegation set forth in Paragraph 34.

35.    YHIC denies each and every allegation set forth in Paragraph 35.

36.    YHIC states that it does not directly use or make calls through a chatbot. YHIC denies each and every remaining allegation set forth in Paragraph 36.

37.    YHIC denies each and every allegation set forth in Paragraph 37.

38.    YHIC denies each and every allegation set forth in Paragraph 38.

39.    YHIC denies each and every allegation set forth in Paragraph 39.

40.    YHIC denies each and every allegation set forth in Paragraph 40.

41.    YHIC denies each and every allegation set forth in Paragraph 41.

42.    YHIC denies each and every allegation set forth in Paragraph 42.

43.    YHIC denies each and every allegation set forth in Paragraph 43.

44.    YHIC denies each and every allegation set forth in Paragraph 44.

45.    YHIC denies each and every allegation set forth in Paragraph 45.

46.    YHIC denies each and every allegation set forth in Paragraph 46.

## ANSWER TO CLASS ACTION ALLEGATIONS

47.    YHIC admits that Plaintiff is bringing this case on behalf of himself and as a putative class action pursuant to Rule 23(b)(2) and 23(b)(3), but denies that there is any factual or legal basis for the claims alleged, for the relief sought, or for classwide treatment. YHIC denies the remaining allegations set forth in Paragraph 47.

48.    YHIC admits that Plaintiff is bringing this case as a putative class action, seeking to certify the class set forth in Paragraph 48, but denies that there is any factual or legal basis for the claims alleged, for the relief sought, or for classwide treatment. YHIC denies the remaining allegations set forth in Paragraph 48.

49.    YHIC admits that Plaintiff is bringing this case as a putative class action, excluding certain persons, but denies that there is any factual or legal basis for the claims alleged, for the relief sought, or for classwide treatment. YHIC denies the remaining allegations set forth in Paragraph 49.

50.    YHIC denies each and every allegation set forth in Paragraph 50.

51.    YHIC denies each and every allegation set forth in Paragraph 51.

52.    YHIC denies each and every allegation set forth in Paragraph 52.

53.    YHIC denies each and every allegation set forth in Paragraph 53.

54.    YHIC denies each and every allegation set forth in Paragraph 54.

55.    YHIC denies each and every allegation set forth in Paragraph 55.

56.    YHIC denies each and every allegation set forth in Paragraph 56.

57.    YHIC denies each and every allegation set forth in Paragraph 57.

58.    YHIC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 58 and, on that basis, denies them.

## ANSWER TO LEGAL CLAIMS

59.    YHIC incorporates its answers to the foregoing allegations as if fully set forth herein.

60.    YHIC denies each and every allegation set forth in Paragraph 60.

61.    YHIC denies each and every allegation set forth in Paragraph 61.

62.    YHIC denies each and every allegation set forth in Paragraph 62.

63.    YHIC admits that Plaintiff is seeking injunctive relief, but denies that Plaintiff is entitled to any such relief on an individual or class basis. YHIC states that whether the TCPA authorizes injunctive relief is a legal conclusion to which no response is required from YHIC. To the extent this allegation may be deemed to be factual, YHIC denies those allegations and denies that Plaintiff is entitled to such relief on an individual or class basis. YHIC denies each and every remaining allegation set forth in Paragraph 63.

## ANSWER TO PRAYER FOR RELIEF

Wherefore, YHIC denies that there is any legal or factual basis for any of the relief Plaintiff or the putative class members seek to recover in the SAC's Prayer for Relief, contained on Page 11 of the Complaint.

## **AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden of proof where it otherwise lies with Plaintiff, YHIC hereby asserts the following affirmative and other defenses to Plaintiff's Complaint.

### **FIRST DEFENSE**
### **(Prior Express Consent)**

Plaintiff's claims are barred because, on information and belief, Plaintiff provided legally sufficient consent to receive the calls at issue.

### **SECOND DEFENSE**
### **(Arbitration)**

Upon information and belief, Plaintiff's and the putative class members' claims may be subject to an arbitration provision. YHIC's investigation into this affirmative defense is ongoing.

### **THIRD DEFENSE**
### **(No Standing)**

Plaintiff's claims are barred because, on information and belief, he lacks both standing and statutory standing to pursue any claims for these alleged violations.

### **FOURTH DEFENSE**
### **(Statute of Limitations)**

Plaintiff's claims are barred to the extent they seek to recover for calls outside of the statute of limitations.

### **FIFTH DEFENSE**
### **(No Covered Calls)**

Plaintiff's claims are barred to the extent no prerecorded or artificial voice actually played on each alleged prerecorded call at issue.

**SIXTH DEFENSE**
**(Substantial Compliance & Good Faith)**

Plaintiff's claims are barred as a result of YHIC's substantial compliance with the TCPA.  Further, Plaintiff's claims are barred because YHIC acted in good faith and had reasonable grounds for reasonably relying upon and believing that it acted properly with respect to the communications at issue.

**SEVENTH DEFENSE**
**(No Direct or Vicarious Liability)**

Plaintiff's claims are barred on the basis that YHIC did not place the calls at issue and is not vicariously liable for the calls at issue.

**EIGHTH DEFENSE**
**(Violation of the Fifth and Eighth Amendments)**

The statutory damages provision of the TCPA violates the Due Process Clause under the Fifth Amendment to the Constitution and the Eighth Amendment to the Constitution.  If a class were to be certified and liability were found, the statutory damages award would be grossly disproportionate to any "harm" suffered by the class members.

**NINTH DEFENSE**
**(Violation of the First Amendment)**

The TCPA violates the First Amendment of the United States Constitution because it places unconstitutional restrictions on YHIC's constitutional rights under the Free Speech Clause.  The provisions at issue are thus unenforceable.

**TENTH DEFENSE**
**(*De Minimis Harm*)**

Plaintiff's alleged harm, if any, was *de minimis*, and is thus unrecoverable.

**ELEVENTH DEFENSE**
**(Invited the Harm, Unclean Hands, Waiver, and Equitable Limitations)**

Plaintiff's claims are barred by the doctrines of *volenti non fit injuria*, unclean hands, estoppel, laches, waiver, failure to mitigate, consent, and other equitable limitations, particularly to the extent Plaintiff intentionally invited the harm for which he now complains, delayed in bringing this case, failed to mitigate his damages, and/or contributed to the receipt of the calls at issue.

**TWELFTH DEFENSE**
**(Class Defenses)**

YHIC opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over YHIC's objections, YHIC asserts the defenses set forth herein against each and every member of the certified class.

**THIRTEENTH DEFENSE**
**(Reservation of Rights)**

YHIC specifically reserves the right to add additional affirmative defenses.

**JURY DEMAND**

YHIC demands a trial by jury for all issues so triable.

**WHEREFORE**, YHIC prays for judgment as follows:

1.      Dismissal of the Complaint in its entirety with prejudice;

2.      That Plaintiff take nothing by the Complaint and that judgment be entered against Plaintiff and in favor of YHIC;

3.      That YHIC be awarded its costs of suit and reasonable attorneys' fees; and

4.    That the Court award YHIC such other and further relief as the Court deems

just and appropriate.

Dated:  September 25, 2025          **BEST & FLANAGAN LLP**

/s/ *Brian J. Linnerooth*
John A. Sullivan (#03967310)
Brian J. Linnerooth (#0400162)
60 South Sixth Street, Suite 2700
Minneapolis, MN 55402
(612) 339-7121
johnsullivan@bestlaw.com
blinnerooth@bestaw.com

**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**

Mark S. Eisen (admitted *pro hac vice*)
Jamie N. Ward (admitted *pro hac vice*)
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192
meisen@beneschlaw.com
jward@beneschlaw.com

*Counsel for Your Home Improvement
Company, LLC*

-12-