**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| DAVID DONAHUE, individually and on behalf of all others similarly situated, | NO. 0:24-cv-04004-JWB-LIB |
| Plaintiff, | Honorable Judge Jerry W. Blackwell |
| v. | Honorable Magistrate Judge Leo I. Brisbois |
| YOUR HOME IMPROVEMENT COMPANY, LLC, | RULE 26(f) REPORT |
| Defendant. | |

_____

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on October 2, 2025, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is to be scheduled before the United States Magistrate Judge Honorable Leo I. Brisbois in Room 412 of the U.S. Courthouse in, Duluth, Minnesota.

Plaintiff requests that the pretrial be held by telephone.

Defendant is prepared to appear in person before this Court if a scheduling conference is set to discuss the issues set forth below, including particularly Defendant's request for a bifurcated discovery schedule.

(a) Description of the Case.

(1) Concise factual summary of plaintiff's claims:

Plaintiff David Donahue ("Plaintiff") alleges that Defendant Your Home Improvement Company, LLC violated the Telephone Consumer Protection Act ("TCPA") by placing unconsented prerecorded telephone calls to his residential telephone in or around August and September 2024. All the prerecorded calls started the same way—from "Sam" a prerecorded chatbot—who informed Plaintiff that his home had been selected to receive free estimates for home improvement including windows, roofing, or bathroom. Eventually the chatbot transferred Plaintiff to Defendant's employees. Plaintiff had no prior business relationship with the Defendant and did not consent to their calls.

1

(2) Concise factual summary of defendant's claims/defenses:

Defendant contends that, as it pertains to the alleged prerecorded calls at issue, Plaintiff was contacted by third parties without Defendant's approval or knowledge, and Plaintiff spoke with third parties. The motions to dismiss filed in this action and recent oral argument evidence a discrete and fundamental issue—whether Defendant can be vicariously liable for the calls at issue. Defendant submits it cannot. Defendant further submits that discovery may evidence myriad other defenses, including that Plaintiff consented to receive the outreach at issue.

(3) Statement of jurisdiction (including statutory citations):

Plaintiff asserts claims under the TCPA, 47 U.S.C. § 227 *et seq*. Thus, this Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331.

This Court has personal jurisdiction because Defendant is located in Minnesota.

(4) Summary of factual stipulations or agreements:

None at this time.

(5) Statement of whether a jury trial has been timely demanded by any party:

On October 23, 2024, Plaintiff timely demanded a jury trial via his Class Action Complaint. *See* Dkt. 1. Defendant similarly requested a jury trial via its answer. *See* Dkt. 55.

(6) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

The parties do not agree.

(b) Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

All parties have been served and the Plaintiff does not anticipate adding any additional parties unless discovery reveals that the calls to the Plaintiff were made by a third party.

Defendant does not yet know if it will seek to pursue any claims against third parties, but will seek leave if discovery reveals a need to pursue such claims.

(c) Fact Discovery.

Defendant contends, as detailed further below, that this case presents a discrete, fundamental issue—whether Defendant can be vicariously liable for the alleged outreach Plaintiff received. Defendant contends that this matter would be ripe for a bifurcated discovery schedule in which the Parties first engage in discovery on the issue of vicarious liability for a period of 60-75 days, followed by dispositive motions (or a status conference to discuss the next steps in this case), prior to engaging in costly class discovery. This proposal would be in line with this Court's September 23, 2025 Order regarding an effort to create a joint plan to control excessive litigation costs and potentially focus on preliminary, dispositive issues.

Should this Court disagree with a bifurcated schedule, the parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before <u>Friday, October 31, 2025</u>.

(2) The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by <u>N/A</u>.

(3) The parties must commence fact discovery procedures in time to be completed by <u>Wednesday, September 30, 2026</u>.

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

(A) <u>25</u> interrogatories;

(B) <u>35</u> document requests;

(C) <u>10</u> factual depositions;

(D) <u>35</u> requests for admission;

(E) <u>0</u> Rule 35 medical examinations;  and

(F) _____ other.

(d) Expert Discovery.

(1) The parties anticipate that they will require expert witnesses at the time of trial.

(A) The plaintiff anticipates calling <u>1</u> (number) experts in the fields of: data analysis to analyze how many prerecorded calls were made, when they were made, and to whom they were made.

(B) The defendant anticipates calling up to 2expert in the fields of: data analysis and issues pertaining to, among other things, class certification.

(2) The parties propose that the Court establish the following plan for expert discovery:

(A) Initial experts.

   (i) The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before Friday, July 31, 2026.

   (ii) The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B)  must be served on or before Friday, July 31, 2026.

(B) Rebuttal experts.

   (i) The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before Friday, August 28, 2026.

   (ii) Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before Friday, August 28, 2026.

(3) All expert discovery must be completed by Wednesday, September 30, 2026.

(e) Other Discovery Issues.

(1) Protective Order. The parties have discussed whether they believe that a protective order is necessary to govern discovery and intend to jointly submit a proposed protective order.

(2) Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced.  The parties have reached the following agreements and identified the following issues:

The parties will work cooperatively to produce discovery in a readily reviewable format and any calling data in a format that is workable for the experts.

(3) Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The Parties have also agreed that communications or documents that are privileged or protected as work product and that were generated after September 18, 2024 need not be included in a privilege log

under Rule 26(b)(5) except for any communications between the Parties and third-parties.

The parties request the Court to include the following agreement in the scheduling order:

The proposed Protective Order will include a callback provision.

(4) The parties:

☐   agree that a party should be required to request an informal conference with the Court before filing a discovery motion;

(5) Miscellaneous:

Volume of documents expected to be produced: The Plaintiff expects to produce records of the telemarketing calls and that the majority of the documents will be the Defendant's calling data.

Defendant contends that TCPA cases are known to be discovery-intensive and generally impose a significant discovery burden on defendants. In this matter, Defendant expects a significant amount of relevant data to be with third parties. A bifurcated discovery period will enable the Parties to quickly determine if Defendant should be part of this case, prior to engaging in classwide discovery.

Volume of written discovery expected: The Plaintiff does not anticipate serving more than 3 sets of written discovery. Defendant similarly does not anticipate serving more than 3 sets of written discovery.

Extent of expert discovery: The Plaintiff only anticipates needing one expert. Defendant anticipates at this time that it may need two expert witnesses.

(6) Joint Plan to Control Litigation Costs & Delays

Focusing the initial discovery on preliminary issues that might be case dispositive:

Defendant submits, as noted above (and detailed further below), that a bifurcated discovery period would allow the Parties to quickly evaluate whether Defendant can be vicariously liable for the calls at issue. This is a discrete, fundamental question as evidenced by the Parties' recent motion to dismiss briefing and oral argument on the same. Defendant anticipates that the Parties would need just 60-75 days to take pertinent discovery and then either proceed with dispositive motion briefing or a status conference to discuss next steps in the case. The alternative, jumping directly into nationwide class discovery, would impose substantial costs on Defendant despite its contention that it is not liable for the calls at issue.

Instituting document control and retrieval mechanisms to contain costs:

None are needed at this time.

Stipulating to facts to eliminate unnecessary discovery:

The parties do not believe that any such agreements would remove the need for the discovery they envision.

Adopting procedures for orderly discovery: N/A

Scheduling alternative periods for party discovery:

Defendant contends that the issue of whether Defendant is vicariously liable for the calls at issue is a discrete, isolated question that is at the heart of Plaintiff's individual claim and overlaps with no class discovery. This issue can be evaluated following a brief 60-75 day period of discovery, and which can lead to the expeditious resolution of this case without the needless expenditure attendant with classwide discovery. (*See* Dkt. 53.) It is no secret that class discovery in the TCPA context tends to be particularly onerous for defendants. *See Physicians Healthsource, Inc. v. Janssen Pharms., Inc*., No. 12-2132 FLW, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014) (recognizing cost of class discovery in a TCPA action and bifurcating discovery).

As a result, bifurcated discovery is commonplace in TCPA class actions. *See, e.g.*, *Pavelka v. Paul Moss Ins. Agency, LLC*, No. 1:22 CV 02226, 2023 WL 3728199, at *3 (N.D. Ohio May 30, 2023) ("The Court finds that bifurcation of discovery to first address the individual liability claims, and then to entertain possible summary judgment motion practice on Plaintiffs' individual claims, prior to class action discovery, is appropriate under FED. R. CIV. P. 42(b)."); *Akselrod v. MarketPro Homebuyers LLC*, No. 20-cv-2966, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (same).

Should a brief period of discovery on vicarious liability reveal Plaintiff has no claim, he would have no need for classwide discovery and this matter would be over. Defendant is prepared to discuss this in more detail at the initial pretrial conference or to brief this matter in more detail, providing case law as to the myriad courts bifurcating discovery in TCPA class actions.

Plaintiff opposes bifurcated discovery—which would prolong the discovery process and likely result in redundant discovery efforts. After all, in analogous TCPA cases, courts deny bifurcation because "Plaintiff's claims and any potential class members' claims overlap." *Robertson v. Mortg. Rsch. Ctr., LLC*, No. 2:24-cv-04106, 2024 U.S. Dist. LEXIS 221676, at *7

(W.D. Mo. Dec. 9, 2024) (collecting cases) (denying motion to bifurcate in TCPA class action).

Simply put, bifurcation "is likely to delay, not expedite, the efficient progression of the case." *Negrete v. Fla. Ins. Servs., Inc*., No. 4:23-cv-00251, 2024 U.S. Dist. LEXIS 20095, at *6 (S.D. Iowa Feb. 6, 2024) (denying motion to bifurcate in TCPA class action); *see also Saladino v. Mad City Home Improvement, LLC*, No. 24-cv-01419-NEB-EMB (D. Minn. Feb. 19, 2025) (Dkt. 78) (denying motion to bifurcate in TCPA class action).

Any other matters counsel may agree upon to control excessive litigation costs and delays: N/A

(7) Electronic Discovery

The parties do not anticipate that electronic discovery will be a significant part of pretrial discovery, but will notify this Court should that change.

The parties have not discussed a plan or protocol for electronic discovery which will control costs for all parties.

(f) Motion Schedule.

The parties propose the following deadlines for filing motions:

(1)    Motions seeking to join other parties must be filed and served by <u>Tuesday, March 31, 2026</u>.

(2)    Motions seeking to amend the pleadings must be filed and served by <u>Tuesday, March 31, 2026</u>.

(3)    All other non-dispositive motions must be filed and served by <u>Monday, October 26, 2026</u>.

(4)    Plaintiff's Motion for Class Certification shall be served by <u>Monday, October 26, 2026.</u>

(5)    Defendant's opposition to Plaintiff's Motion for Class Certification shall be served by <u>Monday, November 23, 2026.</u>

(6)     Plaintiff's Reply in Support of his Motion for Class Certification shall be served by <u>Monday, December 14, 2026.</u>

(7) All dispositive motions must be filed and served by: The Parties request that the deadline to file dispositive motions be set for 30 days following the order on the

Motion for Class Certification, which is not only likely to have a dramatic impact on the case, but which would also require notice to class members if granted.

(g) Trial-Ready Date.

    (1) The parties suggest that the parties propose a trial-ready date and final pretrial conference date within 30 days of the Court's Order on the Motion for Class Certification. Should this Court prefer to set a date now, the Parties agree that the case will be ready for trial on or after <u>Friday, February 26, 2027</u>.

    (2) With the caveat and suggestion above, the parties propose that the final pretrial conference be held on or before <u>Friday, February 5, 2027</u>.

(h) Insurance Carriers/Indemnitors.

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

Defendant is not presently aware of applicable coverage. It will update Plaintiff promptly should this change.

(i) Settlement.

    (1) The parties will discuss settlement before the initial pretrial conference, by the plaintiff making a written demand for settlement and each defendant making a written response/offer to the plaintiff's demand.

    (2) The parties propose that a settlement conference be scheduled to take place before <u>Friday, January 30, 2026</u>.

    (3) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following: settlement conference or private mediation.

(j) Trial by Magistrate Judge.

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

(k) Miscellaneous.

The parties considered and discussed the following:

        a. Limitations and restrictions on expert testimony;
        b. The appropriateness and timing of Summary Judgment;
        c. The control and scheduling of discovery;
        d. Resort to alternative dispute resolution techniques;

e. Reasonable limits on the time allowed for presenting evidence at trial; and

f. Settlement.

DATE: October 13, 2025

*/s/ Anthony Paronich*
Anthony Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
T: (617) 485-0018
F: (508) 318-8100

*/s/ Raina C. Borrelli*
Raina Borrelli
Alex Phillips, *pro hac vice*
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave.
Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
raina@straussborrelli.com
aphillips@straussborrelli.com

*Of Attorneys for Plaintiff*

DATE: October 13, 2025

*/s/  Brian J. Linnerooth*
Brian J. Linnerooth (#0400162)
60 South Sixth Street, Suite 2700
Minneapolis, MN 55402
(612) 339-7121
blinnerooth@bestaw.com

**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192
meisen@beneschlaw.com
jward@beneschlaw.com

*Of Attorneys for Defendant*

9