IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID DONAHUE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YOUR HOME IMPROVEMENT COMPANY, LLC,<br><br>Defendant. | Civil Case No. 0:24-cv-04004-JWB-LIB<br><br>**DEFENDANT YOUR HOME IMPROVEMENT COMPANY, LLC'S STATEMENT OF THE CASE** |

Defendant Your Home Improvement Company, LLC ("YHIC"), through counsel and pursuant to the Court's September 23, 2025 Order, submits the following Statement of the Case:

**I.     Version of the Facts of the Case**.

Plaintiff is pursuing a single claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*., relating to the alleged receipt of chatbot calls in alleged violation of 47 U.S.C. § 227(b). Plaintiff is also attempting to represent a putative nationwide class relating to his single claim.

Plaintiff conceded at the recent oral argument, (Dkt. 53), that he is not pursuing a theory of direct liability as to the calls at issue. Rather, Plaintiff is exclusively pursuing theories of vicarious liability sounding in apparent authority and ratification. Plaintiff's theory, in other words, is that a third party made the chatbot outreach at issue, and that YHIC is liable for the actions of that third party. Plaintiff does not articulate the name of this third party.

-1-

YHIC contends that (i) it did not directly place the chatbot calls at issue, (ii) has no record of any chatbot calls, (iii) does not use a chatbot and (iv) is not liable for the actions of any third party that did place any such outreach. YHIC further denies that a class could be certified for a number of reasons including that vicarious liability as to any given call or alleged vendor would be an individualized determination.

**II.     Listing of Particularized Facts Which Support the Claimed Liability or Defenses, Including Any Applicable Statutes as Identified by Number.**

HIC contends that it did not place, and is not responsible for, the chatbot calls at issue. Specifically, YHIC contends that the claim at issue here, 47 U.S.C. § 227(b), does not permit claims of vicarious liability. Even if it did, YHIC did not make any manifestation (oral or written) that would cause Plaintiff to believe YHIC consented to having chatbot calls placed by the unnamed third party at issue. There is, in other words, no apparent authority. Furthermore, YHIC did not and could not have ratified the calls at issue as it was not in an agency relationship with the purported chatbot caller and YHIC did not have the requisite knowledge of material facts—namely, that chatbot calls were allegedly being placed at all, much less without Plaintiff's consent.

**III.    Itemization and Explanation of Claimed Damages.**

YHIC is not claiming damages in this matter.

| | |
|---|---|
| Dated: October 13, 2025 | **BEST & FLANAGAN LLP**<br><br>/s/ *Brian J. Linnerooth*<br>Brian J. Linnerooth (#0400162)<br>60 South Sixth Street, Suite 2700<br>Minneapolis, MN 55402<br>(612) 339-7121<br>blinnerooth@bestaw.com<br><br>**BENESCH, FRIEDLANDER,**<br>**COPLAN & ARONOFF LLP**<br><br>Mark S. Eisen (admitted *pro hac vice*)<br>Jamie N. Ward (admitted *pro hac vice*)<br>71 South Wacker Drive, Suite 1600<br>Chicago, Illinois 60606<br>Telephone: (312) 212-4949<br>Facsimile: (312) 767-9192<br>meisen@beneschlaw.com<br>jward@beneschlaw.com<br><br>*Counsel for Your Home Improvement Company, LLC* |