# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID DONAHUE, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>YOUR HOME IMPROVEMENT COMPANY, LLC,<br><br>  Defendant. | Civil Case No. 0:24-cv-04004-JWB-LIB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO BIFURCATE DISCOVERY** |

## PRELIMINARY STATEMENT

Plaintiff brings this putative class action under the Telephone Consumer Protection Act ("TCPA), 47 U.S.C. § 227 over the alleged receipt of so-called "chatbot" calls. Plaintiff seeks to represent a nationwide class dating back more than four years. The critical, threshold issue in this case as it relates to Plaintiff's claim will be whether Defendant Your Home Improvement Company, LLC ("YHIC") is vicariously liable for the calls at issue.

Courts have recognized two theories of liability as it relates to TCPA claims: direct and vicarious liability. *See Zean v. SelectQuote Ins. Servs.*, No. 19-2958 (NEB/TNL), 2022 WL 126308, at *3 (D. Minn. Jan. 13, 2022). At oral argument on YHIC's recent motion to dismiss, Plaintiff conceded the dismissal of his direct liability theory against YHIC for the chatbot calls—that is, conceding YHIC did not initiate the calls. (Dkt. 51, 53.) Plaintiff's sole remaining avenue to relief is that YHIC is *vicariously* liable under theories of apparent authority and ratification for the actions of unnamed third parties. YHIC vigorously contends it is not responsible for these chatbot calls and cannot be held vicariously liable.

-1-

This is the precise class action case that would benefit from a brief, bifurcated period of discovery prior to entering nationwide class discovery. Whether YHIC can be vicariously liable for these chatbot calls is a discrete, threshold issue pertaining to Plaintiff's claim that does not implicate the discovery needed for class certification and can be readily evaluated through a brief period of discovery. This discovery may end this case outright, saving the Parties and this Court substantial resources.

It is no secret that class discovery in the TCPA context tends to be particularly onerous for defendants. *See Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-2132 FLW, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014) (recognizing cost of class discovery in a TCPA action and bifurcating discovery). As a result, courts across the country have commonly bifurcated discovery in TCPA cases on merits issues. *See, e.g.*, *Pavelka v. Paul Moss Ins. Agency, LLC*, No. 22-02226, 2023 WL 3728199, at *3 (N.D. Ohio May 30, 2023). It should not be that simply by styling his case as a putative class action, Plaintiff is entitled to the *in terrorem* effect of nationwide class discovery.

YHIC thus contends this case is uniquely suited for a brief, bifurcated discovery period on vicarious liability, lasting 60-75 days. Following this period, YHIC would suggest a status conference prior to engaging in further litigation.

## BACKGROUND

### I. INITIAL PLEADINGS & PROCEDURAL HISTORY

Plaintiff initiated this case on October 23, 2024. (Dkt. 1.) The crux of the Complaint (which was barren with respect to factual allegations) was the alleged receipt of "chatbot" calls without consent. (*Id.* ¶ 23.) Plaintiff alleges a single claim under 47 U.S.C. § 227(b)

on behalf of himself and a putative nationwide class. (*Id.*) On December 20, 2024, following a conferral, YHIC moved to dismiss. (Dkt.13, 15.) On January 10, 2025, Plaintiff responded to the motion to dismiss by filing a First Amended Complaint ("FAC"). (Dkt. 23.) Plaintiff added additional detail, but the crux of the FAC was unchanged—the alleged receipt of chatbot calls. (*See id.* ¶¶ 23-29.) Plaintiff again alleged a single claim under 47 U.S.C. § 227(b) on behalf of himself and a putative nationwide class.

On January 23, 2025, YHIC moved to dismiss the FAC on the basis that Plaintiff failed to allege YHIC was directly or vicariously liable for calls at issue. (Dkt. 25, 27.) In response to the Motion to Dismiss, Plaintiff expressly *disclaimed* vicarious liability. (*See* Dkt. 31 at 10 ["Again, Mr. Donahue is not alleging vicarious liability . . . ."].) Following full briefing, the motion to dismiss was granted on April 30, 2025, with Judge Blackwell holding (i) Plaintiff disclaimed vicarious liability and (ii) the FAC "does not sufficiently tie YHIC to the potentially actionable calls that are the subject of suit." (Dkt. 37 at 3.)

## II.   PLAINTIFF'S SECOND AMENDED COMPLAINT & MOTION TO DISMISS HEARING.

Plaintiff filed his Second Amended Complaint ("SAC") on May 21, 2025. The SAC was a critical change in Plaintiff's theory of liability. (Dkt. 38.) Despite that Plaintiff had expressly disclaimed any theory of vicarious liability, his SAC changed course and for the first time alleged a theory of vicarious liability (apparent authority and ratification). (*See id.* ¶¶ 36-46.) The fundamental facts underlying the SAC, though, did not change. Plaintiff alleged the receipt of chatbot calls and is pursuing a single claim under 47 U.S.C. § 227(b). (*Id.* ¶¶ 22-29.) Plaintiff again seeks to represent a nationwide class. (*Id.* ¶ 48.)

YHIC moved to dismiss the SAC on June 4, 2025, on the basis that neither the theory of direct or vicarious liability was adequately alleged. (Dkt. 41, 42.) Following full briefing, a hearing was held on September 4, 2025. (Dkt. 50.) Judge Blackwell dismissed Plaintiff's SAC to the extent based on a theory direct liability (which Plaintiff conceded, in a complete 180 degree change from his prior pleadings), but allowed the theory of vicarious liability to proceed. (Dkt. 51.)

The oral argument on the Motion to Dismiss focused on the theory of vicarious liability, with Plaintiff's counsel arguing specifically that "[e]ventually discovery will yield what the nature of this agency relationship was" between YHIC and the alleged caller. (*See* Hearing Transcript at 20:18-19, attached as Exhibit A.) The Court similarly recognized that discovery will bear out whether YHIC can in fact be vicariously liable, stating "[t]o be certain, discovery may test whether plaintiff can prove an agency relationship . . . ." (*Id.* at 23:4-7; *see also* 22:7-14.).

## DISCUSSION

### I.   LEGAL STANDARD

Courts in this Circuit and elsewhere look to Federal Rule of Civil Procedure 1 and 42(b) in evaluating whether to bifurcate discovery. *See Adam v. CHW Grp., Inc.*, No. 21-CV-0019-LRR-MAR, 2021 WL 7285904, at *2 (N.D. Iowa June 29, 2021) (turning to Rule 42(b)); *Pavelka*, 2023 WL 3728199, at *3 (same); *Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665 (D. Minn. 2002) ("Here, we conclude that the mandate of Rule 1, Federal Rules of Civil Procedure, is best implemented by bifurcated discovery . . . .").

In evaluating motions to bifurcate discovery, courts look to factors including convenience, prejudice and judicial economy. *See Adam*, 2021 WL 7285904, at *2. The party seeking bifurcation has the burden of establishing that it is proper. *See Est. of Lokken v. Unitedhealth Grp., Inc.*, No. 23-CV-3514 (JRT/SGE), 2025 WL 2607196, at *2 (D. Minn. Sept. 8, 2025), As detailed below, bifurcation is prudent here.

## II. DISCOVERY SHOULD BE BIFURCATED ON THE ISSUE OF VICARIOUS LIABILITY.

### A. Discovery Into Vicarious Liability Should be Prompt and Discrete.

The fundamental, threshold issue as it pertains to Plaintiff's individual claim is whether YHIC can be vicariously liable for the chatbot calls at issue. This discrete issue can be quickly evaluated in the context of a brief discovery period. If YHIC cannot be vicariously liable for the chatbot calls Plaintiff alleges, this case will be over, without any need for onerous class discovery.[1]

At the outset, Plaintiff asserts two theories of vicarious liability—apparent authority and ratification. A brief period of initial discovery will allow the Parties to promptly evaluate these theories, both of which have wide bodies of law in the TCPA context specifically. *See, e.g.*, *Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 357 (7th Cir. 2020) ("Apparent authority exists when a third-party reasonably relies on the principal's manifestation of authority to an agent."); *Usanovic v. Americana, L.L.C.*, 775 F. Supp. 3d

---

[1] YHIC reserves the ability to assert that, in light of the Supreme Court's recent decision in *McLaughlin Chiropractic v. McKesson Corp.*, this Court is no longer bound by the FCC's determination that statutory provision at issue (47 U.S.C. § 227(b)) embraces theories of vicarious liability. *See McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 149 (2025).

1133, 1141 (D. Nev. 2025) (setting forth components of the ratification standard); *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 680 (9th Cir. 2014) (evaluating ratification theory).

The theories of vicarious liability Plaintiff asserts are capable of discrete discovery that should enable the Parties to quickly evaluate whether YHIC can be vicariously liable.

> **B.     Bifurcating Discovery on Vicarious Liability with Promote Efficiency and Judicial Economy, and Avoid Substantial Prejudice to YHIC.**

Courts in the TCPA context have "generally recognized that class actions involve the potential for hefty litigation expenses and an extensive use of judicial resources in the resolution of these claims." *Physicians Healthsource*, 2014 WL 413534, at *4 (cleaned up); *see also Cameron v. CHW Grp., Inc.*, No. 23-cv-00320, 2025 WL 2336513, at *2 (D. Utah Aug. 13, 2025) ("Courts granting such motions [to bifurcate] have acknowledged the well-recognized fact that discovery in class actions is expensive and asymmetric, with defendants bearing most of the burdens.") (internal quotations and citation omitted). Indeed here, Plaintiff is seeking to represent a putative nationwide class dating back more than four years. (Dkt. 38 ¶ 48.) There can be no question that nationwide class discovery in this matter will be extensive (albeit, YHIC acknowledges that in light of the vicarious liability theories pursued the bulk of class data is likely within the possession of third parties) and will require judicial oversight.

Federal Rule of Civil Procedure 1 directs that the rules should be used "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Courts in the TCPA class action context have echoed (if not relied on) this directive in bifurcating discovery to take up discrete merits issues first. *See, e.g.*, *Pavelka*,

2023 WL 3728199, at *2 ("In cases asserting both individual liability and potential 'class action' claims under the TCPA, courts have often approved bifurcating discovery in such cases where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery."); *Cameron*, 2025 WL 2336513, at *3 ("The court finds judicial economy is promoted by an efficient narrow focus on Plaintiff before proceeding to class discovery."); *Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ADB, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019) ("Here, the need for class discovery may be eliminated if Liberty Power is able to demonstrate that all of the named Plaintiffs lack viable individual claims."); *Kemen v. Cincinnati Bell Tel. Co. LLC*, No. 1:22-CV-152, 2024 WL 3633333, at *3 (S.D. Ohio Aug. 2, 2024) ("[B]ifurcating discovery has the potential to promote the 'speedy' and 'efficient' resolution of this matter.").[2]

The bifurcation proposed here is discrete, avoiding the prospect of blurring the line with class discovery. Whether YHIC can be vicariously liable for the specific chatbot calls Plaintiff alleges having received does not implicate class discovery. *See, e.g.*, *Katz*, 2019 WL 957129, at *2 ("Further, class discovery is not necessary to address certain issues that may be dispositive of Plaintiffs' individual claims or ability to bring the asserted class claims."); *Physicians Healthsource*, 2014 WL 413534, at *4 ("[T]he issue concerning whether the faxes here are informational is totally distinct from class issues.").

---

[2] Myriad courts are in accord. *See Harris v. Shore Funding Sols. Inc.*, No. 23-cv-00789, 2023 WL 3440077, at *3 (E.D.N.Y. Apr. 21, 2023); *Newell v. Aliera Healthcare, Inc.*, No. 19-01489, 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020); *Akselrod v. MarketPro Homebuyers LLC*, No. CV CCB-20-2966, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021); *Fania v. Kin Ins., Inc.*, No. 22-12354, 2024 WL 2607303, at *4 (E.D. Mich. May 24, 2024).

As a final matter, Plaintiff references a number of inapposite cases in the 26(f) report that he may further seek to rely on in opposition to this Motion. By way of example, Plaintiff turned to *Negrete v. Fla. Ins. Servs., Inc.*, which involved a belated request to bifurcate. *See* No. 423CV00251RGESBJ, 2024 WL 470370, at *2 (S.D. Iowa Feb. 6, 2024). The request here is made at the outset of discovery. Plaintiff similarly cites to cases where the defendant sought to engage in wholesale bifurcation of the merits and class issues, and where the court found overlap between merits and class issues. *See Robertson v. Mortg. Rsch. Ctr., LLC*, No. 2:24-CV-04106-MDH, 2024 WL 5046604, at *3 (W.D. Mo. Dec. 9, 2024); *Saladino v. Mad City Home Improvement*, No. 24-cv-1419, Dkt. 78 (D Minn. Feb. 19, 2025). As detailed above, neither issue is present here.

Here, YHIC seeks to bifurcate discovery first on a discrete legal issue, as noted above. Discovery into the discrete issue of vicarious liability can save the Parties and this Court from wasting substantial resources in evaluating class discovery, all where there stands a distinct possibility that YHIC cannot be responsible for the calls at issue. *See, e.g.*, *Newell*, 2020 WL 13568762, at *3. Bifurcation is thus prudent and fulfills the goals of Federal Rule of Civil Procedure 1.

    **C.**    **Bifurcation Will Cause No Prejudice to Plaintiff.**

Plaintiff will not be prejudiced by a brief bifurcated discovery period focusing on vicarious liability. YHIC is simply proposing a 60-75 day bifurcated discovery period, to be followed by a status conference. Vicarious liability is now the only theory of liability in this case. Yet Plaintiff did not even bother to assert a theory of vicarious liability until his SAC, filed May 21, 2025—***seven months*** after the initial complaint. (Dkt. 38.) Indeed, up

until that point, Plaintiff specifically *disclaimed* vicarious liability. (Dkt. 31 at 10.) Plaintiff cannot now claim prejudice by a brief initial discovery period focused on this issue.[3]

Furthermore, the only possible prejudice here would be in the form of briefly delayed class discovery, which Plaintiff will only need if he has a viable theory of recovery. A brief delay in class discovery causes no prejudice, particularly in light of the procedural history of this case. *See, e.g.*, *Newell*, 2020 WL 13568762, at *3 ("While Plaintiff raises concern over delay and the possibility that evidence will be lost or destroyed, these concerns are not overly persuasive. . . . Furthermore, any prejudice to Plaintiff is significantly outweighed by the potential burdens and costs associated with unnecessary class action discovery."); *Kemen*, 2024 WL 3633333, at *3 ("Moreover, a 90-day discovery period will not substantially delay this case. So the Court concludes that bifurcating discovery will not unduly prejudice Kemen.").

Finally, a status hearing at the conclusion of the bifurcated discovery period will allow the Parties to evaluate with this Court how to proceed. The goal here is simply not to (as Plaintiff may argue) unduly delay this case.

## CONCLUSION

For the foregoing reasons, Your Home Improvement Company, LLC respectfully requests this Honorable Court to bifurcate discovery first on the issue of vicarious liability for a period of 60-75 days, followed by a further status hearing.

---

[3] That this theory was raised in the face of being previously disclaimed, and only after the direct liability theory had been dismissed, raises the distinct prospect that this theory was asserted simply to try to avoid a motion to dismiss and move into discovery.

| | |
|---|---|
| Dated:  October 29, 2025 | **BEST & FLANAGAN LLP**<br><br>*/s/ Brian J. Linnerooth*<br>Brian J. Linnerooth (#0400162)<br>John A. Sullivan (# 0396730)<br>60 South Sixth Street, Suite 2700<br>Minneapolis, MN 55402<br>(612) 339-7121<br>blinnerooth@bestaw.com<br>jsullivan@bestlaw.com<br><br>**BENESCH, FRIEDLANDER,<br>COPLAN & ARONOFF LLP**<br><br>Mark S. Eisen (admitted *pro hac vice*)<br>Jamie N. Ward (admitted *pro hac vice*)<br>71 South Wacker Drive, Suite 1600<br>Chicago, Illinois 60606<br>Telephone: (312) 212-4949<br>Facsimile: (312) 767-9192<br>meisen@beneschlaw.com<br>jward@beneschlaw.com<br><br>*Counsel for Your Home Improvement Company, LLC* |